**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re: | NO. 23-11368-MLB |
| NORTHWEST FOUNDATION FOR A "COURSE IN MIRACLES", | DISCLOSURE STATEMENT FOR DEBTOR'S PROPOSED PLAN OF REORGANIZATION |
| Debtor. | |

*Northwest Foundation for "A Course in Miracles" ("NWFFACIM")*, Debtor and Debtor in Possession herein, provides the following **Disclosure Statement** in the above-captioned chapter 11 case in regard to its proposed Plan of Reorganization.

## 1. INTRODUCTION

The Debtor is providing this Disclosure Statement (the "Disclosure Statement") to all of the Debtor's known Creditors and Interest holders in connection with the Debtor's Plan of Reorganization (the "Plan"), a copy of which accompanies the Disclosure Statement. The Plan has been developed based upon thorough review and analysis of the Debtor's financial condition, business plan, and rehabilitation alternatives. The Plan provides for full payment on all claims, albeit payment will be made as late as twelve (12) months after confirmation. However, interest is provided on all claims. The Debtor has concluded that the Plan provides fair and equitable treatment of all classes of Creditors and Interest Holders and the greatest feasible recovery to Creditors and Interest
Disclosure Statement for Debtor's Proposed Plan of Reorganization–1 of 15



THE LAW OFFICES OF LANCE L. LEE
1700 7th Ave Ste 2100
Seattle, WA 98101-1360
(206) 332-9841 / Fax: (206) 905-2991

Holders. Accordingly, the Debtor requests that all Creditors and Interest Holders in Impaired Classes vote to accept the Plan.

## 2. PURPOSE OF DISCLOSURE STATEMENT AND PROCEDURE FOR PLAN CONFIRMATION

### a. Purpose and General Information

Pursuant to section 1125 of the Bankruptcy Code (11 U.S.C. § 1125), the Debtor submits this Disclosure Statement to provide Creditors and Interest Holders with adequate information to allow them to make an informed judgment about the acceptability of the Plan. Specifically, the purpose of this Disclosure Statement is to give Creditors and Interest Holders sufficient information, as far as it is reasonably practicable for the Debtor to provide, that would allow a hypothetical reasonable investor typical of the holders of Claims and Interests in the classes impaired under the Plan to make an informed judgment about whether to accept or reject the Plan. A copy of the Plan accompanies this Disclosure Statement. Terms defined in the Plan shall have the same meaning in this Disclosure Statement. The first letter of words defined in the Plan are capitalized in this Disclosure Statement. Please refer to the Plan for the treatment of Claims and Interests. The provisions of the Plan are binding on all Creditors and Interest Holders, therefore, please read the Plan carefully.

**NO REPRESENTATIONS ABOUT THE DEBTOR, PARTICULARLY ABOUT THE DEBTOR'S FUTURE BUSINESS OPERATIONS OR THE VALUE OF ITS PROPERTY, ARE AUTHORIZED BY THE DEBTOR OTHER THAN AS SET FORTH IN THIS DISCLOSURE STATEMENT. ANY REPRESENTATIONS OR INDUCEMENTS MADE TO SECURE ACCEPTANCE OR REJECTION OF THE PLAN OTHER THAN AS CONTAINED IN THIS DISCLOSURE STATEMENT SHOULD NOT BE RELIED UPON BY ANY CREDITOR OR INTEREST HOLDER. ANY ADDITIONAL REPRESENTATION OR INDUCEMENT SHOULD BE REPORTED TO COUNSEL FOR THE DEBTOR OR TO THE UNITED STATES TRUSTEE WHO, IN TURN, SHALL DELIVER THE INFORMATION TO THE BANKRUPTCY COURT OR TAKE OTHER APPROPRIATE ACTION.**

Disclosure Statement for Debtor's Proposed Plan of Reorganization–2 of 15



THE LAW OFFICES OF LANCE L. LEE
1700 7th Ave Ste 2100
Seattle, WA 98101-1360
(206) 332-9841 / Fax: (206) 905-2991

Case 23-11368-MLB    Doc 25    Filed 10/31/23    Ent. 10/31/23 13:17:09    Pg. 2 of 15

**THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT HAS NOT BEEN SUBJECT TO A CERTIFIED AUDIT. FOR THE FOREGOING REASON, AS WELL AS BECAUSE OF THE IMPOSSIBILITY OF MAKING ASSUMPTIONS, ESTIMATES AND PROJECTIONS INTO THE FUTURE WITH ABSOLUTE ACCURACY, THE DEBTOR IS UNABLE TO WARRANT OR REPRESENT THAT THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT IS COMPLETE AND ACCURATE, ALTHOUGH EVERY REASONABLE EFFORT HAS BEEN MADE TO PRESENT COMPLETE AND ACCURATE INFORMATION. THE RECORDS KEPT BY THE DEBTOR RELY FOR THEIR ACCURACY ON INTERNAL BOOKKEEPING. THE RECORDS KEPT BY THE DEBTOR ARE NOT WARRANTED OR REPRESENTED TO BE FREE OF ANY INACCURACY. HOWEVER, EVERY REASONABLE EFFORT HAS BEEN MADE TO PRESENT ACCURATE INFORMATION. COUNSEL TO THE DEBTOR HAS NOT INDEPENDENTLY VERIFIED ANY OF THE INFORMATION PROVIDED BY THE DEBTOR AND DOES NOT MAKE ANY REPRESENTATIONS OR WARRANTIES WITH RESPECT TO THE TRUTH OR ACCURACY OF ANY OF THE INFORMATION PRESENTED.**

**ALL PARTIES ENTITLED TO VOTE ON THE PLAN ARE URGED TO REVIEW IN FULL THE PLAN AND THIS DISCLOSURE STATEMENT TOGETHER WITH ALL EXHIBITS ATTACHED THERETO, PRIOR TO VOTING ON THE PLAN, AND MAY DESIRE TO CONSULT LEGAL COUNSEL PRIOR TO VOTING TO ENSURE COMPLETE UNDERSTANDING OF THEIR TREATMENT UNDER THE PLAN. THIS DISCLOSURE STATEMENT IS INTENDED FOR THE SOLE USE OF CREDITORS AND INTEREST HOLDERS OF THE DEBTOR TO ENABLE THEM TO MAKE AN INFORMED DECISION ABOUT THE PLAN.**

**EACH CREDITOR AND INTEREST HOLDER IS URGED TO CONSULT ITS OWN TAX ADVISOR AS TO THE CONSEQUENCES OF THE PLAN TO IT UNDER FEDERAL AND APPLICABLE STATE, LOCAL AND FOREIGN TAX LAWS. THE DEBTOR MAKES NO WARRANTIES OR REPRESENTATIONS REGARDING THE TAX IMPACT OF THE PLAN ON ANY CREDITOR OR INTEREST HOLDER.**

Disclosure Statement for Debtor's Proposed Plan of Reorganization–3 of 15


THE LAW OFFICES OF LANCE L. LEE
1700 7th Ave Ste 2100
Seattle, WA 98101-1360
(206) 332-9841 / Fax: (206) 905-2991

Case 23-11368-MLB    Doc 25    Filed 10/31/23    Ent. 10/31/23 13:17:09    Pg. 3 of 15

**RISKS AND OPPORTUNITIES ARE IDENTIFIED IN THE DISCLOSURE STATEMENT CONCERNING THE DEBTOR'S ABILITY TO PERFORM UNDER THE PLAN. THE RISKS AND OPPORTUNITIES ARE DISCUSSED IN ARTICLE 8(b) OF THIS DISCLOSURE STATEMENT.**

**THE DEBTOR BELIEVES THAT THE PLAN IS FEASIBLE, FAIR AND EQUITABLE AND THAT CONFIRMATION OF THE PLAN IS IN THE BEST OF INTERESTS OF CREDITORS AND INTEREST HOLDERS.**

b. <u>Manner of Voting</u>

   i. *Classes Entitled to Vote.* The Plan divides the Claims of Creditors and Interest Holders into three (3) classes. Only classes of Creditors and Interest Holders with claims or interests impaired under a plan of reorganization are entitled to vote on a plan. Generally, and subject to the specific provisions of the Bankruptcy Code, this includes creditors and interest holders whose claims or interests, under a plan, will be modified in terms of principal, interest, length of time for payment, or a combination of the above. Each holder of a Claim in a Class that is not Impaired under the Plan is conclusively presumed to have accepted the Plan, and solicitation of acceptances from the holders of such Claims is not required and will not be undertaken.
   All of the classes are Impaired under the Plan, and the members of each of the Impaired Classes are entitled to vote to accept or reject the Plan.
   ii. *Procedure For Voting.* All Creditors and Interest Holders entitled to vote may cast their vote by completing, dating, and signing the Ballot included with this Disclosure Statement and mailing it to:

   **Law Offices of Lance L. Lee**
   **Ballot re NWFFACIM**
   **1700 7th Ave Ste 2100**
   **Seattle, WA  98101**

**IN ORDER TO BE COUNTED, THE COMPLETED BALLOT MUST BE RECEIVED NO LATER THAN <u>JANUARY 4, 2024</u>. A BALLOT DOES NOT CONSTITUTE A VALID PROOF OF CLAIM IN THE DEBTOR'S CASE.**

Disclosure Statement for Debtor's Proposed Plan of Reorganization–4 of 15



THE LAW OFFICES OF LANCE L. LEE
1700 7th Ave Ste 2100
Seattle, WA  98101-1360
(206) 332-9841 / Fax: (206) 905-2991

Case 23-11368-MLB    Doc 25    Filed 10/31/23    Ent. 10/31/23 13:17:09    Pg. 4 of 15

c. **Confirmation of the Plan**

   i. *Solicitation of Acceptance of the Plan.* This Disclosure Statement has been approved by the Bankruptcy Court in accordance with section 1125 of the Bankruptcy Code (11 U.S.C. § 1125) and has been provided to all Creditors and Interest Holders in this Case. This Disclosure Statement is intended to assist Creditors and Interest Holders with their evaluation of the Plan and their decision to accept or reject the Plan. Your acceptance of the Plan may not be solicited unless you receive a copy of this Disclosure Statement at the time of, or before, such solicitation.

   ii. *Votes Considered in Determining Acceptance of the Plan.* When acceptance of the Plan is determined by the Bankruptcy Court, in accordance with Bankruptcy Code Section 1126 (11 U.S.C. § 1126) and Rule 3018 of the Federal Rules of Bankruptcy Procedure, votes of Creditors will only be counted if submitted by Creditors with Allowed Claims who are members of Classes I, II, or III. If you are in any way uncertain if or how your Claim has been scheduled, you should review the Debtor's schedules and any amendments thereto which are on file with the Clerk's Office of the United States Bankruptcy Court, located at 700 Stewart Street #6301, Seattle, WA 98101. Pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure, votes of Classes I, II and II will be counted only if submitted by the holder of record on the date the order of the Court approving the Disclosure Statement is entered.

   iii. *Hearing on Confirmation of the Plan.* The Bankruptcy Court has set a hearing to determine if the Plan has been accepted by the required number of holders of Claims and Interests and if other requirements for Confirmation of the Plan outlined in the Bankruptcy Code have been satisfied. The hearing on Confirmation of the Plan shall commence on January 18, 2024 in the United States Bankruptcy Court, located at Seattle, Washington. Any objections to confirmation of the Plan must be in writing and must be filed with the Clerk of the Bankruptcy Court and served on counsel for the Debtor on or before January 18, 2024.

Disclosure Statement for Debtor's Proposed Plan of Reorganization-5 of 15



THE LAW OFFICES OF LANCE L. LEE
1700 7th Ave Ste 2100
Seattle, WA 98101-1360
(206) 332-9841 / Fax: (206) 905-2991

Case 23-11368-MLB    Doc 25    Filed 10/31/23    Ent. 10/31/23 13:17:09    Pg. 5 of 15

iv. *Determining Whether Impaired Classes Have Accepted the Plan.* At the scheduled hearing on Confirmation of the Plan, the Bankruptcy Court must determine, among other things, if the Plan has been accepted by each Impaired Class. Under section 1126(c) of the Bankruptcy Code (11 U.S.C. § 1126(c)), an Impaired Class of Claims is deemed to have accepted the Plan if Class members holding at least two-thirds (2/3) in amount and more than one-half (1/2) in number of all Allowed Claims of Class members actually voting have voted in favor of the Plan. Under § 1126(d) of the Bankruptcy Code (11 U.S.C. § 1126(d)), an Impaired Class of Interests is deemed to have accepted the Plan if Class members holding at least two-thirds (2/3) in amount of the Allowed Interests of Class members actually voting have voted in favor of the Plan. Further, under section 1129 of the Bankruptcy Code (11 U.S.C. § 1129(a)(7)(A)(ii)), the Bankruptcy Court must also find that each member of an Impaired Class either votes to accept the plan or will receive or retain as much under the Plan as the member would receive or retain if the Debtor were liquidated, as of the Effective Date of the Plan, under chapter 7 of the Bankruptcy Code. This is known as the "best interest of creditors' test."

v. *Confirmation of the Plan Without Consent of all Impaired Classes.* The Plan may be confirmed even if not accepted by all Impaired classes, if the Bankruptcy Court finds that all other requirements of Confirmation under section 1129(a) of the Bankruptcy Code (11 U.S.C. § 1129(a)) are satisfied and certain additional conditions are met. These conditions are set forth in section 1129(b) of the Bankruptcy Code (11 U.S.C. § 1129(b)), and require, generally, a showing that the Plan does not discriminate unfairly and that the Plan is "fair and equitable" with respect to each Class of Claims and Interests that is Impaired under, and has not accepted, the Plan. In order to be "fair and equitable" as required by section 1129(b) of the Bankruptcy Code, the Plan must provide that Unsecured Creditors and Interest Holders in non-consenting, Impaired classes will either receive or retain on account of their Claims or Interests, property of a value, as of the Effective Date of the Plan, at least equal to the value of such Claims or Interests or, if they receive less than full value, no Class with a junior priority will receive or retain anything on
Disclosure Statement for Debtor's Proposed Plan of Reorganization-6 of 15



THE LAW OFFICES OF LANCE L. LEE
1700 7th Ave Ste 2100
Seattle, WA 98101-1360
(206) 332-9841 / Fax: (206) 905-2991

Case 23-11368-MLB   Doc 25   Filed 10/31/23   Ent. 10/31/23 13:17:09   Pg. 6 of 15

account of such junior Claim or Interest.  For Secured Creditors, the Plan will be "fair and equitable" under Section 1129(b) if Secured Creditors either (i) retain the liens securing their claims and receive deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the Plan, of at least the value of the Secured Creditor's interest in such property, (ii) if the property securing their claim is to be sold, their liens will attach to the proceeds, or (iii) Secured Creditors will receive the "indubitable equivalent" of their Secured Claims.  These are complex statutory provisions and this summary is not intended to be a complete statement of the law.  If the Plan is not accepted by an Impaired Class or Classes, the Debtor will rely on the "cramdown" provisions of section 1129(b) of the Bankruptcy Code and seek Confirmation of the Plan.

## 3. THE DEBTOR

### a. In General

Debtor was established in 1982 as a non-profit foundation for religious studies and prayer.  It has an informal roster of members who participate in Debtor's workshops and study groups, as well as make donations to Debtor.

Debtor's sole substantial income is receiving donations made by its members.  From those donations, Debtor is able to conduct its business.  Besides the housekeeping matters, Debtor holds workshops and study groups, both in-person and virtually.

Above all, Debtor offers its writings to inspire its member-sponsors.

### b. Factors Precipitating Chapter 11 Filing

Prior to 2010, Debtor owned and held business at a previous site prior to their purchase of the Vista Key property.  However, board members of Debtor remarked how the property posed a serious danger to those coming to it because of its proximity to a very steep hill and a strange and confusing intersection.

Disclosure Statement for Debtor's Proposed Plan of Reorganization-7 of 15



THE LAW OFFICES OF LANCE L. LEE
1700 7th Ave Ste 2100
Seattle, WA  98101-1360
(206) 332-9841 / Fax: (206) 905-2991

Case 23-11368-MLB    Doc 25    Filed 10/31/23    Ent. 10/31/23 13:17:09    Pg. 7 of 15

So as to make attending Debtor's events safer, Debtor embarked on purchasing a replacement parcel of real property. In August 2010, Debtor purchased the property at 37918 Vista Key Dr NE, Hansville, WA 98340 ("Vista Key").

In connection with the purchase, Debtor took a loan secured by a deed of trust from Charles Bundschu (aka Charles C. Bundschu III Trust). The note provided that Debtor would pay back the sum of $500,000.00 at a modest rate of interest of 0.53%. The note allowed Debtor to, when combined with $250,000 it had raised, purchase the Vista Key property. The note provided specifically that Debtor would sell another property, located at 5977 Cliffside Rd NE, Kingston, WA 98346 ("Cliffside") within one (1) year, and that Debtor would pay off the note within two (2) years.

Unfortunately, the Cliffside property did not sell quickly or for as much as Debtor and Bundschu had anticipated. As such, Bundschu was not paid off quickly, as was planned.

The note was subsequently modified to allow additional time for payoff. Debtor was not able to do that from normal operations, and the note was modified further, for a total of six (6) times. The first modification occurred roughly at the maturing of the note in August 2012. The modification simply extended the deadline for payment by exactly one (1) year.

A second modification came in 2013, extending the maturity date by another year, to 2014. A third modification in 2014 extended the date to 2015, and a fourth extended it to 2016. A fifth, in 2016, extended the maturity date to 2017. Finally, a sixth modification was entered in 2017. This modification gave Debtor until May 1, 2022 to pay off the note; however, it also increased the rate of interest on the unpaid principal of the note to a whopping twelve percent (12%) per annum.

Debtor could not pay off the note by the ascribed date. As such, on or about April 24, 2023, Bundschu recorded and effected a Notice of Trustee's Sale, setting the sale date for July 28, 2023. Principally to stall this sale, Debtor filed the instant case on July 27, 2023.

c. **Debtor's Recent Financial Results**



THE LAW OFFICES OF LANCE L. LEE
1700 7th Ave Ste 2100
Seattle, WA 98101-1360
(206) 332-9841 / Fax: (206) 905-2991

What follows is a table of Profit and Losses for 2023, by month. Income and outgo fluctuate largely for the Debtor.

| Month | Income | Expenses | Profit |
|---|---|---|---|
| Jan | $19,853.03 | $22,016.01 | $(2,162.98) |
| Feb | $12,684.51 | $18,796.40 | $(6,111.89) |
| Mar | $7,939.77 | $23,206.62 | $(15,266.85) |
| Apr | $29,706.18 | $35,764.73 | $(6,058.55) |
| May | $18,287.08 | $56,560.56 | $(38,273.48) |
| Jun | $15,152.90 | $15,830.19 | $(677.29) |
| Jul | $62,151.14 | $26,717.62 | $35,433.52 |
| Aug | $34,284.58 | $9,980.04 | $24,304.54 |
| Sep | $6,399.23 | $18,427.32 | $(12,028.09) |
| **Total** | **$206,458.42** | **$227,299.49** | **$(20,841.07)** |
| **Average** | **$22,939.82** | **$25,255.50** | **$(2,315.67)** |

If we only focus on the period leading up to filing, we get the following totals and averages (includes first 4 days of case):

Disclosure Statement for Debtor's Proposed Plan of Reorganization–9 of 15



THE LAW OFFICES OF LANCE L. LEE
1700 7th Ave Ste 2100
Seattle, WA 98101-1360
(206) 332-9841 / Fax: (206) 905-2991

Case 23-11368-MLB    Doc 25    Filed 10/31/23    Ent. 10/31/23 13:17:09    Pg. 9 of 15

| Month | Income | Expenses | Profit |
|---|---|---|---|
| Total | $165,774.61 | $198,892.13 | $(33,117.52) |
| Average | $23,682.09 | $28,413.16 | $(4,731.07) |

And if we focus on the first 2 months post-petition, we get (excludes first 4 days of case):

| Month | Income | Expenses | Profit |
|---|---|---|---|
| Total | $40,683.81 | $28,407.36 | $12,276.45 |
| Average | $20,341.91 | $14,203.68 | $6,138.23 |

Given the wide swings of both revenue and expenditures each month, the "improvement" from a loss of $4,731.07 per month to a profit of $6,138.23 would not seem to reliably indicate that cash flow has improved.

Indeed, Debtor had considered and would have preferred paying off all debtors from revenue/donations. However, the inconsistency in amounts of donation remaining after paying of expenses each month urges against this. Instead, Debtor will look to refinance its loan, either directly or through its principal, Paul Tuttle, as described herein.

d. **Actions Taken to Improve Operations**

Debtor has taken a good long look at its expenditures and has made an effort to reduce them. The measures it has taken thus far have been modest. However, Debtor will continue to take a skeptical position on its expenses with the hope of cutting more.

e. **Debtor's Continuing Viability**

Disclosure Statement for Debtor's Proposed Plan of Reorganization–10 of 15



THE LAW OFFICES OF LANCE L. LEE
1700 7th Ave Ste 2100
Seattle, WA 98101-1360
(206) 332-9841 / Fax: (206) 905-2991

Case 23-11368-MLB    Doc 25    Filed 10/31/23    Ent. 10/31/23 13:17:09    Pg. 10 of 15

Relieving Debtor of this large obligation will help ensure its long-term viability. Indeed, Debtor's operations were normal until the Bundschu note was not extended and came due.

## 4. MAJOR EVENTS IN CHAPTER 11 CASE

Trustee's sale of Debtor's Vista Key property, scheduled for the day after the petition date, was stayed by the automatic stay of this bankruptcy case. The sale has been continued on six (6) occasions. It is currently set for November 3, 2023.

## 5. SUMMARY OF DEBTOR'S ASSETS AND LIABILITIES

a. **Assets**

1. Real property located at, known herein as "Vista Key"
   Residential-Zoned Property located at 37918 Vista Key Dr NE, Hansville, WA 98340;

2. Real property located at, known herein as "Buck Road"
   37380 Buck Rd NE, Hansville, WA 98340;

3. Modest amount of office equipment; and

4. Bank accounts, with varying amounts of money therein.

b. **Liabilities**

All of the Debtor's liabilities have been discussed above. Namely, there are:

1. Charles Bundschu/Bundschu Trust,
   Deed of Trust on Vista Key property;

2. Kitsap County Treasurer,
   two (2) claims, each secured against one of Debtor's real properties;

3. Puget Sound Energy,
   a general unsecured creditor;

Disclosure Statement for Debtor's Proposed Plan of Reorganization–11 of 15



THE LAW OFFICES OF LANCE L. LEE
1700 7th Ave Ste 2100
Seattle, WA 98101-1360
(206) 332-9841 / Fax: (206) 905-2991

Case 23-11368-MLB    Doc 25    Filed 10/31/23    Ent. 10/31/23 13:17:09    Pg. 11 of 15

4. Wells Fargo Bank.

Wells Fargo Bank was scheduled as a secured creditor with a presumed mechanic's lien, which resulted from work done on Debtor's real property. Because nothing has been done to enforce lien, Debtor believes the claim is now a general, unsecured claim.

## 6. ALTERNATIVES TO CONFIRMATION AND CONSUMMATION OF PLAN

### a. Alternative Plans to Reorganization

If Debtor is unable to refinance the Vista Key property, it will look into selling the property. There is certainly enough value in the property such that its sale would provide sufficient funds for the Debtor to pay all of its creditors off. Debtor would just need a little time shielded form foreclosure to effect marketing.

### b. Liquidation Analysis

Debtor owns property that far exceeds its debts. Therefore, the liquidation analysis would find that creditors would be paid 100% of what they are owed by the Debtor.

As such, Debtor is proposing a plan that would pay all creditors in full on their claims.

## 7. GOING CONCERN VALUATION

Debtor is a non-profit entity and is not aware of its value as a going concern. That said, its liquidation value will be at least the sum of the value of its real properties minus its debts. All properties' values totaled $2,021,195.49 whereas all debts totaled $711,603.07. This yields a liquidation value of approximately $1.3 million.

## 8. REORGANIZED DEBTOR

The Debtor believes that, among other benefits, Confirmation of the Plan will settle the Debtor's finances for the long term. The Plan has, as its foundation, the payoff of all debts held by Debtor. The Debtor's business plan is described in greater detail below.

### a. The Debtor's Business Plan

Disclosure Statement for Debtor's Proposed Plan of Reorganization–12 of 15



THE LAW OFFICES OF LANCE L. LEE
1700 7th Ave Ste 2100
Seattle, WA 98101-1360
(206) 332-9841 / Fax: (206) 905-2991

Case 23-11368-MLB    Doc 25    Filed 10/31/23    Ent. 10/31/23 13:17:09    Pg. 12 of 15

i. In General

The outline of the plan is to have the Debtor refinance the Vista Key property. It will do so directly, if possible. If it cannot refinance successfully on its own, it will transfer the property to Paul Tuttle, is vice president, with the express purpose of having him refinance the property. Mr. Tuttle would either hold the property for the benefit of the Debtor or he will transfer the property back to the Debtor, after the refinancing is set.

ii. Business Plan Assumptions

While Debtor is taking steps to minimize expenses, it is not contemplated that Debtor will fundamentally change its operations. Debtor was functional but for the coming due of the Bundschu note. With the note – and other debts – being taken care of from funds from refinancing, Debtor's daily affairs should be relatively unaffected.

iii. Funding of the Plan

Distributions set forth herein shall be made from funds available at refinancing of the Vista Key property.

iv. Management of Reorganized Debtor

The Reorganized Debtor shall be managed substantially the same as it was prior to the bankruptcy. Debtor's need to file bankruptcy was triggered by maturing of a note unexpectedly – or, more accurately, the non-extension of a note where perpetual extensions were essentially expected.

Creditors are being paid in full, so the Absolute Priority Rule is not being offended.

b. **Risks and Opportunities Under the Debtor's Business Plan**

There is no greater risk being put upon Debtor by way of this Plan of Reorganization than Debtor would experience without it. Namely, Debtor will still be going month-to-month hoping to have sufficient revenue, hoping to make the revenue stream more consistent.

9. **SUMMARY OF PLAN OF REORGANIZATION**

Disclosure Statement for Debtor's Proposed Plan of Reorganization–13 of 15



THE LAW OFFICES OF LANCE L. LEE
1700 7th Ave Ste 2100
Seattle, WA 98101-1360
(206) 332-9841 / Fax: (206) 905-2991

Case 23-11368-MLB    Doc 25    Filed 10/31/23    Ent. 10/31/23 13:17:09    Pg. 13 of 15

a. **Introduction**

This Disclosure Statement contains a summary of the Plan, and is qualified in its entirety by the full text of the Plan itself. All terms defined in the Plan have the same meaning in this Disclosure Statement. The Plan, if confirmed, will bind the Debtor, any entity acquiring property under the Plan or otherwise transferring property pursuant to the Plan, and all Creditors and Interest holders in the Debtor's Case. The Plan is intended to deal with all Claims against the Debtor and the Estate and all Interests in the Debtor of whatever character, whether or not contingent or liquidated and whether or not allowed by the Bankruptcy Court pursuant to Bankruptcy Code section 502 (11 U.S.C.§ 502). All Creditors, Interest holders, and other interested parties, are urged to carefully read the Plan.

The Plan designates Three (3) Classes of Claims and Interests. a Claim or Interest shall be deemed classified in a particular class only to the extent that the Claim or Interest qualifies within the description of that Class and shall be deemed classified in a different Class to the extent that any remainder of the Claim or Interest qualifies within the description of such different Class. A Claim is in a particular Class only to the extent that the Claim is an Allowed Claim or an Allowed Secured Claim in that Class.

The Classes of Claims are as follows:

Class I: Claims with security against Debtor's real property based on consensual deeds of trust.
Class II: Claims for property taxes secured against Debtor's real property.
Class III: All unsecured claims.

b. **The Plan**

The plan will pay all creditors in full no later than twelve (12) months after confirmation, to be paid upon funds becoming available from the refinancing herein contemplated. Each class will get a different rate of interest as deemed appropriate by the Debtor. Specifically, consensual agreements will be paid at the interest rate therein provided, which was twelve percent (12%) in regard to the Bundschu note.
<----->

Disclosure Statement for Debtor's Proposed Plan of Reorganization–14 of 15



THE LAW OFFICES OF LANCE L. LEE
1700 7th Ave Ste 2100
Seattle, WA 98101-1360
(206) 332-9841 / Fax: (206) 905-2991

Tax claims will be paid at nine percent (9%) interest, and general unsecured claims will be paid at three percent (3%) interest.

## 10. EFFECT OF CONFIRMATION

The provisions of the Debtor's Plan of Reorganization, if confirmed, shall bind the Debtor, all Creditors, Interest holders, and any entity acquiring property under the Plan, whether or not the Claim or Interest of such Creditor, Interest holder, or entity is impaired under the Plan and whether or not such Creditor, Interest holder, or entity has accepted the Plan.

Dated this ___31st___ day of October 2023

Respectfully Submitted,

/s/ Lance L. Lee
Lance L. Lee, WSBA #26518
Attorney for Debtor

Disclosure Statement for Debtor's Proposed Plan of Reorganization–15 of 15

THE LAW OFFICES OF LANCE L. LEE
1700 7th Ave Ste 2100
Seattle, WA 98101-1360
(206) 332-9841 / Fax: (206) 905-2991

Case 23-11368-MLB    Doc 25    Filed 10/31/23    Ent. 10/31/23 13:17:09    Pg. 15 of 15